UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **JOSEPH WALKER, JR.** | **CIVIL ACTION NO. 6:13-cv-2507** |
| LA. DOC #300260 | |
| VS. | **SECTION P** |
| | **JUDGE REBECCA F. DOHERTY** |
| **WARDEN TIM DUCOTE** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Joseph Walker, Jr., an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on August 19, 2013. Petitioner attacks his 1998 felony conviction, his subsequent adjudication as a multiple offender, and the 40-year sentence imposed by the Sixteenth Judicial District Court, Iberia Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be deemed successive and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit for further proceedings.

*Statement of the Case*

In November 1998 petitioner was convicted of simple robbery in the Sixteenth Judicial District Court, Iberia Parish in a criminal proceeding assigned Docket Number 98-445. He was thereafter adjudicated a third felony offender and sentenced to life without parole. He appealed his conviction, adjudication, and sentence to the Third Circuit Court of Appeals. The Court affirmed his conviction and adjudication. However, the sentence was deemed excessive and his

case was remanded to the District Court for re-sentencing. *State of Louisiana v. Joseph Walker, Jr.,* 1999-0779 (La. App. 3 Cir. 4/5/2000), 767 So.2d 977 (Table). His application for writs was denied by the Supreme Court on June 1, 2001. *State of Louisiana v. Joseph Walker, Jr.*, No.2000–1544 (La.6/1/2001), 793 So.2d 177. On May 17, 2000 he was re-sentenced to 40-years. He thereafter sought and obtained an out-of-time appeal. On September 29, 2004 his 40-year sentence was affirmed on appeal. *State of Louisiana v. Joseph Walker*, 2004-00267 and 00268 (La.App. 3 Cir. 9/29/2004), 886 So.2d 701 (Table). The Louisiana Supreme Court denied writs without comment on March 24, 2005. *State of Louisiana v. Joseph Walker, Jr.*, 2004–2974 (La.3/24/2005), 896 So.2d 1034.

He commenced a round of post-conviction relief in 2006 which terminated with a writ denial by the Louisiana Supreme Court on April 27, 2007. *State of Louisiana ex rel. Joseph Walker, Jr. v. State of Louisiana*, 2006–1964 (La.4/27/2007), 955 So.2d 680.

He filed a *pro se* petition for *habeas corpus* pursuant to Section 2254 in this Court on September 20, 2007. The petition attacked his conviction, adjudication, and sentence in the Iberia Parish case assigned Docket No. 98-445 and raised claims of excessiveness of sentence and ineffective assistance of counsel. His petition was dismissed with prejudice on March 11 and July 9, 2008. *Walker v. Cain*, No. 6:07-cv-1581 at Docs. 1 (petitioner), 5 (Report and Recommendation), 13 (Judgment), 20 (Report and Recommendation), and 22 (Judgment). Petitioner's application for COA was rejected by the Fifth Circuit Court of Appeals on May 7, 2009. *Walker v. Cain*, No. 08-30719.

He filed the instant petition on August 19, 2013 raising a single claim for relief, the State Courts erred by failing to comply with sentencing guidelines set forth in La. C.Cr.P. art. 894.1.

*Law and Analysis*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

A *habeas corpus* petition is not second or successive simply because it follows an earlier federal petition. *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998). However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.* The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. §2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir.1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Under this approach, the key issue is whether or not the first petition was adjudicated on the merits.

Petitioner's first petition was dismissed on the merits. Petitioner now raises a claim that could have been raised in his previous petition. This petition is therefore successive and petitioner has not yet received permission from the Court of Appeals to file it in the District Court.

*In re: Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is appropriate. Further, transfer is authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of

jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." Section 2244(b) divests this Court of jurisdiction to consider petitioner's successive *habeas* petition until such time as the Court of Appeals authorizes such a filing, and therefore, transfer pursuant to 28 U.S.C. §1631 is appropriate.

Therefore,

**IT IS RECOMMENDED** that petitioner's second and successive petition for writ of *habeas corpus* be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services*

*Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

  In Chambers, Lafayette , Louisiana September 24, 2013.

              _____
               **PATRICK J. HANNA**
               **UNITED STATES MAGISTRATE JUDGE**